RE: CONTRACT BETWEEN PATRICIA COPELAND AND OKLAHOMA TODAY MAGAZINE ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT LETTER REGARDING A CONTRACT BETWEEN YOUR DAUGHTER, PATRICIA COPELAND, AND OKLAHOMA TODAY MAGAZINE. WE HAVE FOUND NO CONSTITUTIONAL PROVISIONS WHICH ARE SPECIFICALLY APPLICABLE TO THIS SITUATION; HOWEVER, OKLAHOMA STATUTES DO, TO SOME EXTENT, ADDRESS YOUR QUESTION. TITLE 74 O.S. 4241 [74-4241] (1986) CONTAINS SEVERAL PROHIBITIONS AGAINST CONFLICTS OF INTEREST OF STATE EMPLOYEES. THE STATUTE PROVIDES, AMONG OTHER THINGS, THAT NO STATE EMPLOYEE SHALL: "2. USE HIS OFFICIAL POSITION TO SOLICIT OR SECURE SPECIAL PRIVILEGES OR EXEMPTIONS FOR HIMSELF OR OTHERS, EXCEPT AS MAY BE PROVIDED BY LAW(.)" "STATE EMPLOYEE" IS DEFINED AT 74 O.S. 84.3 [74-84.3](2) (1986) TO INCLUDE ELECTED OR APPOINTED OFFICERS OR EMPLOYEES OF THE EXECUTIVE, JUDICIAL OR LEGISLATIVE BRANCHES OF GOVERNMENT EXCEPT MEMBERS OF THE HOUSE OF REPRESENTATIVES AND THE SENATE. APPARENTLY, THEN, THIS PROHIBITION APPLIES TO THE GOVERNOR. CLEARLY, HOWEVER, THE PROHIBITION WOULD NOT BE VIOLATED UNDER THE FACTS AS PRESENTED IN YOUR LETTER TO MR. HENRY. THE STATUTE FURTHER PROVIDES THAT A STATE EMPLOYEE SHALL NOT: " 4. SELL, OFFER TO SELL OR CAUSE TO BE SOLD, EITHER AS AN INDIVIDUAL OR THROUGH ANY BUSINESS ENTERPRISE IN WHICH HE HOLDS A SUBSTANTIAL FINANCIAL INTEREST, GOODS OR SERVICES TO ANY STATE AGENCY OR TO ANY BUSINESS ENTITY LICENSED BY OR REGULATED BY THE STATE AGENCY, EXCEPT AS PROVIDED IN PARAGRAPH 3 OF SECTION 26 OF THIS ACT (REGARDING COMPETITIVE BIDDING)." AGAIN, ASSUMING THE BUSINESS TRANSACTION BETWEEN MS. COPELAND AND OKLAHOMA TODAY IS CONDUCTED ENTIRELY INDEPENDENT OF AND UNCONNECTED WITH YOU INDIVIDUALLY OR WITH THE OFFICE OF GOVERNOR, NO VIOLATION OF THIS STATUTE WOULD HAVE OCCURRED. THE ONLY OTHER TYPE OF ISSUE WHICH MIGHT ARISE UNDER THE FACTS OF YOUR QUESTION WOULD BE WHETHER OKLAHOMA'S PROHIBITIONS AGAINST NEPOTISM APPLY. THE PROVISIONS OF 21 O.S. 481 [21-481] PROHIBIT ANY EXECUTIVE, LEGISLATIVE, MINISTERIAL OR JUDICIAL OFFICER FROM APPOINTING OR VOTING FOR THE APPOINTMENT OF ANY PERSON RELATED TO HIM BY AFFINITY OR CONSANGUINITY WITHIN THE THIRD DEGREE, TO ANY CLERKSHIP, OFFICE, POSITION, EMPLOYMENT OR DUTY IN ANY DEPARTMENT OF THE STATE, WHEN THE SALARY, WAGES, PAY OR COMPENSATION OF SUCH APPOINTEE IS TO BE PAID OUT OF THE PUBLIC FUNDS OR FEES OF SUCH OFFICE. AGAIN, UNDER THE FACTS OF YOUR LETTER, THIS STATUTE IS NOT VIOLATED SINCE IT IS NEITHER THE GOVERNOR WHO IS EMPLOYING MS. COPELAND, NOR THE GOVERNOR'S OFFICE WHICH IS PROVIDING THE FUNDS FOR HER PAYMENT. FINALLY, 21 O.S. 484 [21-484] (1981) PROHIBITS PERSONS RELATED WITHIN THE THIRD DEGREE OF CONSANGUINITY OR AFFINITY TO A MEMBER OF THE LEGISLATIVE, EXECUTIVE OR JUDICIAL BRANCH OF STATE GOVERNMENT FROM HOLDING ANY CLERKSHIP, OFFICE, POSITION, EMPLOYMENT OR DUTY WITHIN THAT BRANCH. OF COURSE, STATE AGENCIES ARE A PART OF THE EXECUTIVE BRANCH OF GOVERNMENT; HOWEVER, THE STATUTE WOULD NOT BE APPLICABLE TO THE FACTS PRESENTED IN YOUR LETTER. AS WAS NOTED IN A.G. OPIN. NO. 72-202 (COPY ENCLOSED), THE STATUTE HAS BEEN CONSTRUED TO APPLY ONLY TO EMPLOYMENT OF A CONTINUOUS NATURE, AND NOT TO EMPLOYMENT ON A TEMPORARY INDEPENDENT CONTRACT BASIS, AS IN THIS CASE. IN SUMMARY, WHERE THERE IS A SIMPLE ARM'S LENGTH TRANSACTION BETWEEN OKLAHOMA TODAY MAGAZINE AND YOUR DAUGHTER, WITHOUT INVOLVEMENT BY YOU OR YOUR OFFICE, THERE DOES NOT APPEAR TO BE ANY VIOLATION OF STATE LAW, EITHER AS TO CONTRACTS ALREADY IN FORCE OR CONTRACTS TO BE MADE IN THE FUTURE. (SUSAN BRIMER LOVING)